[No. 37989. Department One. April 14, 1966.]

THE STATE OF WASHINGTON, *Respondent,* v. HARRY RICHMOND SPELLMAN, *Appellant.*[*]

*Opendack & Alfieri* and *James A. Alfieri,* for appellant.

*Charles O. Carroll* and *Herbert L. Onstad,* for respondent.

PER CURIAM.—This appeal presents a single issue: Do the facts sustain the jury's verdict of guilty as charged?

Ken F. Kirwan and Harry Richmond Spellman were jointly charged in the Superior Court for King County with the crime of forgery in the first degree, committed on or about February 22, 1964. Harry Richmond Spellman entered a plea of not guilty; Ken F. Kirwan pleaded guilty. The cause proceeded to trial upon the original information. The court instructed the jury that "only the defendant Harry R. Spellman is on trial at this time."

The evidence established that Harry Richmond Spellman, with the consent of Ken F. Kirwan, signed the name of Ken F. Kirwan on a bail bond, as attorney in fact for the United Bonding Insurance Company, an Indiana corporation. Ken F. Kirwan had previously been attorney in fact for the bonding company, but his authority had been re-

[*]Reported in 413 P.2d 337.

voked. Spellman contended that he was unaware of the revocation.

In addition to signing the name of Ken F. Kirwan to the bond, Spellman inserted a fictitious power of attorney number, C-19634, so that the bond purported to have been executed by one who had an official power of attorney from the company. Further, after the bond had been so signed, Ken Kirwan, Sr., at the request of Harry Richmond Spellman, forged the name of Irving C. Paul, Jr., as notary public, which acknowledgment stated that Ken F. Kirwan had personally appeared before the notary and subscribed his name thereto. Ken Kirwan, Sr., also affixed the corporate seal of the bonding company on the bond.

While Spellman was in jail, he voluntarily signed a statement, a part of which is as follows:

I signed Ken Kirwan's signature with Ken's consent & put a power of attorney #C-19634 on it. A number which I made up & then had Ken Kirwan Sr. sign Irving Paul's signature as a notary public & he put the seal of United Bonding Co. on it to make it look official.

The appellant did not testify, and the defense rested at the close of the state's evidence.

The court instructed the jury, in instruction No. 6-A, as follows:

The defendants are charged jointly with the offense herein alleged, and in that connection you are instructed that it is not necessary that both the defendants personally should have committed the act or acts set out in the information. If either of the defendants was present aiding, abetting, assisting or counseling the other in the commission of the act in the manner, by the means and with the intent set forth in the information herein and in these instructions, then such defendant would be as guilty as though he personally had committed the act or acts charged.

The evidence, if believed by the jury, established that the appellant aided and abetted in the commission of the offense, and that all of the elements required in the quoted instruction were proved.

█ Appellant's statement that he signed the name of Ken F. Kirwan with his consent establishes that to be a fact only if the jury chose to believe his statement in this regard. Appellant's admission that (1) Kirwan forged the name of the notary public on the bond and placed the seal of the bonding company thereon "to make it look official," and (2) that appellant signed Kirwan's name on the bond and placed a false power of attorney number thereon constituted sufficient evidence, if believed by the jury, to find that Spellman knew the document was fictitious and that he aided and abetted in its preparation and execution.

We find no merit in appellant's contention that the court should have dismissed the cause at the close of the state's evidence.

The judgment and sentence is affirmed.

---

June 9, 1966. Petition for rehearing denied.